IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEANNA MARIE FOWLER   (01)<br>a/k/a "Momma D" | NO. 4:23-CR-192-O |

**PLEA AGREEMENT**
**(With Appellate-Rights Waiver)**

Deanna Marie Fowler, the defendant, Kara Letisha Carreras, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

   a. to plead not guilty;
   b. to have a trial by jury;
   c. to have the defendant's guilt proven beyond a reasonable doubt;
   d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and
   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846, that is, conspiracy to distribute and possession with intent to distribute a controlled substance. The defendant understands the nature and elements of the crime to which the defendant is

pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment not to exceed 20 years;

   b. a fine not to exceed $1,000,000, or both a fine and imprisonment;

   c. a supervised-release term of at least three (3) years and a maximum of Life, which is mandatory under the law and will follow any imprisonment term. If the defendant violates any of the supervised-release conditions, the court could revoke his supervised release and order the defendant serve additional prison time;

   d. a $100 mandatory special assessment; and

   e. forfeiture of property, which the defendant agrees can include property subject to forfeiture based on all relevant and uncharged similar conduct and not the offense of conviction alone.

4. **Immigration consequences**: If the defendant is not a citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty

may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's guilty plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial

obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the forfeiture provision in the Information, and any property or cash seized by the federal government in connection with any offense that is relevant conduct to the offense alleged in Count One of the Information or that is part of any similar uncharged misconduct. The defendant agrees any property or cash subject to forfeiture pursuant to the defendant's guilty plea to Count One of the Information and pursuant to any offense that is relevant conduct to Count One of the Information or that is a part of any similar uncharged misconduct is subject to forfeiture under 18 U.S.C. § 924(d), 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 924(d), 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees

to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. After sentence is imposed, the government will dismiss any remaining charges against the defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this ___ day of _____, 2023.

    LEIGHA SIMONTON
    UNITED STATES ATTORNEY

    _____
    FRANK L. GATTO
    Assistant United States Attorney
    Texas State Bar No. 24062396
    Burnett Plaza, Suite 1700
    801 Cherry Street, Unit #4
    Fort Worth, Texas 76102
    Tel: 817-252-5213
    Fax: 817-252-5455
    Email: frank.gatto@usdoj.gov

    _____
    ALEX LEWIS
    Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     7/20/2023
DEANNA MARIE FOWLER                       Date
Defendant

We are the defendant's attorneys. We have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, our client's decision to enter into this plea agreement is an informed and voluntary one.

_____     7/24/23
KARA LETISHA CARRERAS                    Date
Attorney for Defendant